IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,867






EX PARTE JOE ANTHONY VALDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM BEXAR COUNTY






 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N



 Interestingly, both applicant and the state argue that Texas Government Code Section
499.053(c) supports an argument that applicant is, or is not, eligible for mandatory supervision. It
seems to me that Section 499.053(c) is not helpful to either side because the wording of that statute
makes it clear that it is intended to govern only the accounting of time credit. 

All laws relating to good conduct time and eligibility for release on parole or
mandatory supervision apply to a person transferred to the department by the Texas
Juvenile Justice Department as if the time the person was detained in a detention
facility and the time the person served in the custody of the Texas Juvenile Justice
Department was time served in the department. (emphasis added)




2

 Eligibility for parole and mandatory supervision is rooted in time served; unless barred from
such releases, an inmate becomes eligible for consideration for release by the Board of Pardons and
Paroles based on the portion of the holding sentence that the inmate has served, coupled with any
good time the inmate may have earned. An adult offender is usually entitled to time credit for
periods during which the inmate was in custody for the charged offense before, during, and after
trial. Section 499.053(c) simply assures that an inmate who was transferred from the juvenile system
gets the same credit for time in custody as would an inmate who was an adult at the time of arrest
and detention. "All laws relating to . . . eligibility for release on parole or mandatory supervision"
must be understood in the context of eligibility for release being based on how time credit is
determined.

 With these comments, I join the opinion of the Court.


Filed: June 26, 2013

Publish